RAFAEL RAMOS COBIÁN, Plaintiff and Appellant, *v.* SEC-RETARY OF THE TREASURY, Respondent and Appellee.

Nos. 12501, 12502. Decided April 25, 1962.

*Víctor Gutiérrez Franqui, Luis F. Sánchez Vilella, C. Morales, Jr., Federico Ramírez Ros,* and *Juan E. Serrallés III* for appellant. *Hiram R. Cancio, Secretary of Justice, Arturo Estrella, Assistant Secretary of Justice,* and *Luis F. Candal,* Counsel for the Department of Justice, for appellee.

Division composed of Mr. Justice Pérez Pimentel as Chief Judge of Division, Mr. Justice Santana Becerra and Mr. Justice Rigau.

PER CURIAM.

The only question to be decided in these appeals is whether or not the show presented by appellant in various parks of the Island is an "artistic show" exempt from tax under § 41 (c) of the Excise Act of Puerto Rico, of January 20, 1956.

The above-mentioned show consisted in the presentation of a basketball game between the team known by the name of "Harlem Globetrotters" and another team, played in a comic fashion, through the tricks performed by the Globetrotters' skillful players, and also in the presentation of equilibrists, acrobats, jugglers, ping-pong players and baton twirlers.

Section 41(a) of the Excise Act of Puerto Rico (13 L.P.R.A. § 4041) provides:

"(a) *Shows Taxed.* The tax on public shows, at the rate prescribed in section 11, shall apply to fees for admission to any public show, including dancing events, except as provided in subsection (c) below.

"(c) *Shows Not Taxed.* The tax on shows shall not apply to:

"(1) Public shows of the University of Puerto Rico and the other university-level institutions recognized under the laws of Puerto Rico;

"(2) Public shows held by nonprofit organizations which have existed for over 10 years and are organized solely for encouraging literature and the fine arts; and

"(3) Theatrical or artistic shows consisting only in the acting of artists in person."

We agreed with the trial court in that the shows presented by appellant were "exhibitions of comicality, skill and agility" given by basketball players, clowns, equilibrists, jugglers, etc., and as such they could not be considered artistic shows within the meaning given to this term in the above-mentioned Act.

■ The obvious purpose of the legislature was to promote cultural activities, by exempting from taxes those public shows presented by university-level institutions recognized by our laws, those presented by nonprofit societies, associations, and organizations which have existed for over 10 years and are organized solely for encouraging literature and the fine arts and finally theatrical artistic shows. These artistic shows are those which, in harmony with the legislative intention, tend to promote the culture of the island— the development of literature or the fine arts.

Respecting the approval of the aforesaid Excise Act, we copy from the Journal of Proceedings of the Legislative Assembly, session of December 6, 1955, Volume VII, fascicle 41, p. 567:

"The provisions on public shows were modified to strengthen the tax exemption granted to shows offered by the University

of Puerto Rico, and by societies, associations and organizations devoted to promote literature and fine arts. We have believed that it is a convenient and desirable stimulus to cultural activity to promote by relaxing tax strictness, artistic shows presented by artists in person when they are not part of a motion picture show or of another kind."

We conclude that the show presented by appellant is not tax exempt and that the trial court did not commit error in so holding.

The judgments of the aforesaid court will be affirmed.